IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PRATIBHA KAPOOR                           :
12750 West National Avenue, Apt. 205
New Berlin, Wisconsin 53151               :

      Plaintiff,                          :       CASE NO. 2:13-cv-810

      v.                                  :       JUDGE

THE OHIO STATE UNIVERSITY                 :       MAGISTRATE JUDGE
400 West 12th Avenue
111 Wiseman Hall                          :
Columbus, Ohio 43210
                                          :
      Defendant.

### COMPLAINT
### (w/ Jury Demand)

NOW COMES Plaintiff Pratibha Kapoor, and proffers this Complaint for damages against Defendant The Ohio State University.

### THE PARTIES

1. Plaintiff is a natural person residing in the State of Wisconsin.

2. Defendant is a State of Ohio employer with facilities in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that Defendant's facilities in Franklin County, Ohio, is the location at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff, who is of Indian descent and upbringing, and is dark-skinned, worked as a Clinical Instructor/Veterinary Resident at Defendant's Laboratory Animal Medicine program from July 1, 2011 until she was discharged by Defendant on or about March 9, 2012.

6. Plaintiff was initially assigned to work with Dr. Stephanie Lewis to put together and be mentored on a research project. Dr. Lewis was not helpful, and did little but complain about Plaintiff from the beginning of her employment. Upon advice from a co-worker in mid-August of 2011, Plaintiff approached Dr. Judy Hickman-Davis, the person who had hired her, to be her mentor on her project. Dr. Hickman-Davis proceeded to denigrate Plaintiff's abilities, though at that point Plaintiff had only been with the program for little more than a month, and therefore had little if any chance to demonstrate her abilities.

7. Starting on August 30, 2011, Plaintiff was denigrated when she would report sick laboratory animals to the attending veterinarians, even though this was a significant part of her duties.

8. On or about February 9, 2012, Dr. Hickman-Davis gave Plaintiff a Performance Improvement Plan, in which Plaintiff was accused of many incidents for which she was not at fault. Plaintiff was not allowed to confront any individuals on these issues, and Dr. Davis-Hickman did not perform any real investigation into any of these issues. Plaintiff was denigrated for her "communications skills" and "lack of collegiality," which Plaintiff reasonably took to be denigration of her English language skills, and the more direct manner in which Indian persons communicate in the workplace.

9. On February 17, 2012, Plaintiff was presented with a biased and unfair 6-month Performance Evaluation in which she was rated "Below" on all of her clinical skills, but with

no explanation as to why she was ranked low for any of the skills.  Plaintiff made repeated requests for more specific feedback as to why she was ranked below on all skills, but never received any such feedback.  The Evaluation was based mainly on the input of only two attending Veterinarians, Drs. Lewis and Coble, both of whom had previously expressed complaints about Plaintiff and been consistently over-critical and not helpful to Plaintiff.  The opinion of six (6) other veterinarians with whom Plaintiff had worked on a regular basis was not sought.

10. At one point in Plaintiff's residency, Dr. Hickman-Davis condescendingly asked her how long ago she had "finished vet school in India," ignoring the fact that Plaintiff had done significant further study at Oregon State University in 2009 and 2010.  This comment was made during a conversation in which Dr. Hickman-Davis was denigrating Plaintiff technique and proficiency.

11. On a regular basis, Defendant would either not allow Plaintiff to schedule training in various aspects of her job, or would cancel training that was previously scheduled.

12. Similarly-situated co-workers Drs. Domer and Creamer, both Caucasian-Americans, were both put on some form of Performance Improvement Plan during their residencies in the same time period as Plaintiff.  Both were given extra assistance during their PIP's that Plaintiff did not receive, and both survived their PIP's to finish their residencies successfully.

13. Plaintiff was subject to undue scrutiny from Defendant's supervisors in comparison to similarly-situated co-workers due to her Indian accent and mannerisms being an irritant to them.

14. Plaintiff was called to a meeting on March 9, 2013 at which she was given a letter stating that she was being terminated from the residency program.

15. On June 6, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based in part on color and/or national origin discrimination.  The EEOC issued a 90-day right to sue letter that was received by Plaintiff on or about May 21, 2013.

## COUNT I
## NATIONAL ORIGIN AND/OR COLOR DISCRIMINATION
## 42 U.S.C. §2000e et seq.

16. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-15 above as if fully rewritten here.

17. Plaintiff is an "employee" as defined by 42 U.S.C. §2000e(f).

18. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b).

19. In its actions described above, Defendant discriminated against Plaintiff on the basis of her national origin and/or color in violation of 42 U.S.C. §2000e-2(a)(1) by treating her unequally in regards to similarly-situated Caucasian-American employees as set forth above.

20. Defendant's violations of 42 U.S.C. §2000e-2(a)(1) entitle Plaintiff, pursuant to 42 U.S.C. §2000e-5, to monetary damages which include back pay and benefits, compensatory damages, and attorneys fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00, as well as such equitable remedies as shall be deemed proper by the Court.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00, as well as such equitable remedies as shall be deemed proper by the Court.

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve, LLC
P.O. Box 7866
Columbus, Ohio 43207
(614) 808-1881